Roy Lee JOHNSON, Plaintiff-Appellee,

v.

Bill SHAW, Defendant,

W. J. Estelle, Jr., Director,
Defendant-Appellant.

No. 78–3484.

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1980.

Mark White, Atty. Gen., Michael H. Corley, Asst. Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Gilbert Pena, Asst. Atty. Gen., Austin, Tex., for defendant-appellant.

Thomas H. Dixon, Dallas, Tex., for plaintiff-appellee.

Before COLEMAN, Chief Judge, KRAVITCH and HENDERSON, Circuit Judges.

## PER CURIAM:

This case was orally argued in New Orleans on October 18, 1979.

There was a jury verdict against W. J. Estelle, Jr., Director, Texas Department of Corrections, in the sum of $10,500 for failure to release Johnson from the Texas prison system on the date his sentence lawfully expired.

The facts were that Johnson was due to be released on April 22, 1975. However, the expiration date specified in a mittimus *orig-* *inally* sent down from the trial court was much later. The confusion was caused by the fact that Johnson had been awarded a new trial, pleaded guilty, and received a much lesser sentence. No new mittimus was received until April 9, 1975, and this came in the form of a certified copy from Johnson's attorney rather than directly from the trial court as required by Department regulations. Moreover, this mittimus, as submitted, referred to offenses other than that for which Johnson was actually being held under the original mittimus. Since this was a jury trial and we do not have the benefit of findings of fact from the trial court, we do not have clear-cut data but it seems, however, that Johnson was not released until five days after the subordinate officers at the Department had, through prescribed channels, learned for a fact that under the terms of the new sentence Johnson's time had expired.

From the record, it is clear that the District Court denied the motion for judgment notwithstanding the verdict while relying upon the decision of the Fifth Circuit in *McCollan v. Tate*, 575 F.2d 509, rendered June 19, 1978. The denial of the judgment notwithstanding the verdict came on September 29, 1978, but on June 26, 1979, the Supreme Court reversed *McCollan, Baker v. McCollan*, —— U.S. ——, 99 S.Ct. 2689, 61 L.Ed.2d 433.

Despite the protests of Estelle, the jury was instructed:

> "You are further instructed that any reference in this charge to the jury to defendant . . . W. J. Estelle includes the deputies and employees of said person."

This instruction should not have been given. *See Baskin v. Parker*, 5 Cir., 1979, 602 F.2d 1205.

Quite obviously, this is what caused the jury to find specifically (1) that Estelle had not been negligent (which should not have been an issue in the case),[1] and (2) that he had not acted in good faith. There was no

---

1. *See, e. g., Procunier v. Navarette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978); *Bogard v. Cook*, 5 Cir., 1978, 586 F.2d 399.

**126**

evidence indicating that Estelle had personal knowledge of the detention of Johnson beyond the corrected date of his release. He had promulgated regulations that prisoners were not to be processed out on weekends but we were told on oral argument that if a prisoner was due for release on Saturday or Sunday the practice was to let him go on the preceding Friday.

Because of the intervening decisions, we vacate the order of the District Court denying the judgment notwithstanding the verdict. We remand the case to the District Court for reconsideration of that issue in the light of the teachings of the Supreme Court in *Baker v. McCollan, supra.*

If, after reconsideration, the District Court should hold that *Baker v. McCollan* does not require the entry of a judgment for Estelle, it must award Estelle a new trial, to be conducted under the presently governing principles of Section 1983 law, including those appertaining as to the doctrine of *respondeat superior.*

VACATED and REMANDED